# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| JEROME JONES, | ) | |
| Movant, | ) ) ) | |
| v. | ) ) | Cv. No. 2:21-cv-2254-JPM-tmp<br>Cr. No. 2:10-cr-20240-JPM-1 |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent. | ) | |

**ORDER DENYING & DISMISSING MOTION PURSUANT TO 28 U.S.C. § 2255**
**ORDER DENYING CERTIFICATE OF APPEALABILITY**
**ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH**
**AND**
**ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Before the Court are the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion," ECF No. 1)[1] filed by Movant, Jerome Jones, Bureau of Prisons ("BOP") register number 23683-076, an inmate at United States Penitentiary in Atwater, California; the Response to Motion Under 28 U.S.C. § 2255 ("Response," ECF No. 4); and Movant's Reply to Government's Response to Motion Under 28 U.S.C. § 2255 ("Reply," ECF No. 5). Because Movant's § 2255 Motion is time-barred and he is not entitled to equitable tolling, the § 2255 Motion is **DENIED** and **DISMISSED**.

## I. CRIMINAL CASE NO. 2:10-CR-20240-JPM-1

On June 24, 2010, a federal grand jury in the Western District of Tennessee returned an indictment against Jones, charging him with one count of taking a motor vehicle which has been

---

[1] Jones previously filed a § 2255 Motion that was dismissed without prejudice for failure to comply with the Court's order to timely file an amended motion on the official form. (*See* Civ. No. 20-2449, ECF No. 7.)

transported, shipped and received in interstate commerce by force, violence, and intimidation ("carjacking"), in violation of 18 U.S.C. § 2119(1) (Count One), and one count of knowing use and carry of a firearm during a crime of violence (the carjacking), in violation of 18 U.S.C. § 924(c) (Count Two). (Cr. No. 2:10-cr-20240, ECF No. 15 at PageID 14-15.) Jones was found guilty on both counts at trial. (ECF No. 67.)

On September 20, 2011, Jones was sentenced to 210 months incarceration on Count 1 and 120 months incarceration on Count 2, to be served consecutive with each other for a total term of 330 months imprisonment and to be followed by five years on supervised release. (*See* ECF No. 91 at PageID 222–224.) Judgment was entered on September 21, 2011.

Jones appealed. (ECF No. 93.) On December 26, 2012, the Sixth Circuit affirmed his conviction and sentence. (ECF No. 105.)

## II. THE § 2255 MOTION

On April 21, 2021, Jones filed a § 2255 Motion and supporting documents. (Civ. No. 21-2554, ECF No. 1.) On May 18, 2021, the Government filed a Response to Motion Under 28 U.S.C. § 2255. (ECF No. 4.) On June 21, 2021, Jones filed Movant's Reply to Government's Response to Motion Under 28 U.S.C. § 2255. (ECF No. 5.)

## III. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996) (codified, inter alia, at 28 U.S.C. § 2244 et seq.) ("AEDPA") amended 28 U.S.C. §§ 2244(b) and 2255 to limit a defendant to his direct appeal and one collateral attack, filed within one year of the date his conviction is final. Because this motion was filed after April 24, 1996, the AEDPA is applicable. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Paragraph (f) of 28 U.S.C. § 2255 provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1)     the date on which the judgment of conviction becomes final;
>
> (2)     The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)     the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

"[F]or purposes of collateral attack, a conviction becomes final at the conclusion of direct review." *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001). The Supreme Court has held that, for purposes of postconviction relief, "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527 (2003). "As a general matter, a conviction becomes final for purposes of collateral attack at the conclusion of direct review." *United States v. Cottage*, 307 F.3d 494, 498 (6th Cir. 2002).

## IV.    ANALYSIS

The Government argues that Jones's motion is untimely under § 2255(f) and that his claim that he was sentenced in excess of the statutory maximum is meritless. (*See* Civ. No. 21-2254, ECF No. 4 at PageID 32–34.) Jones asserts inaccurately that the Court has granted him equitable tolling to file his § 2255 Motion. (ECF No. 5 at PageID 35.) He asserts that the indictment did not charge him with any subsection of 18 U.S.C. § 2119 which carries a statutory penalty ranging

3

from fifteen years to life imprisonment. (*Id.*) He argues that allowing the Government to continue the false narrative that he is subject to a twenty-five-year term of imprisonment without a charge from the grand jury amounts to constructive amendment of the indictment. (*Id.*)

Jones's motion is untimely under 28 U.S.C. § 2255(f)(1). Generally, a conviction becomes final upon conclusion of direct review. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004) (citing *Cottage*, 307 F.3d at 498). Jones's appeal was denied on December 26, 2012. His judgment is deemed to be final when the time for filing a petition for writ of certiorari expired, 90 days after the Sixth Circuit Court of Appeals entered judgment. *Cradler v. United States*, 891 F.3d 659, 665 (6th Cir. 2018); *see* Sup. Ct. R. 13. Jones's judgment became final in March 2013. The § 2255 Motion, filed more than eight years later, is untimely.

Jones asserts that the Court has granted equitable tolling to file the § 2255 motion on June 24, 2020 and subsequently on August 11, 2020. (ECF No. 1 at PageID 11.) However, Jones confuses an extension of time to file an amended motion in his previous § 2255 proceedings with the grant of equitable tolling. (*See* ECF No. 1-2 at PageID 23–24; *see* Civ. No. 20-2449, ECF Nos. 4 & 6.) The Court clearly stated that Jones "has not shown a basis for equitable [] tolling of the statute of limitations." (ECF No. 4 at PageID 25.)

"The doctrine of equitable tolling allows courts to toll a statute of limitations when 'a litigant's failure to meet a legally mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560–61 (6th Cir. 2000)). The § 2255 limitations period is subject to equitable tolling. *Hargrove v. Brigano*, 300 F.3d 717, 719 (6th Cir. 2002). "[T]he doctrine of equitable tolling is used sparingly by the federal courts." *Robertson*, 624 F.3d at 784; *see also Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir.

2003) (same); *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (same). "The party seeking equitable tolling bears the burden of proving he is entitled to it." *Robertson*, 624 F.3d at 784. A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Fla.*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Jones asserts that, while he was in the Special Housing Unit in July 2020, he had conversations with another inmate to get assistance to file an amended § 2255 motion in response, but he could not communicate with the inmate from whom he initially sought assistance to amend his motion. (*See* Civ. No. 21-2554, ECF No. 1-2 at PageID 23–24.) Jones alleges that he was on COVID-19 lockdown from March 2020 to April 2021. (*Id.* at PageID 24.)

Jones has not been diligent in pursuing his rights, only making his first attempt to file a § 2255 Motion in 2020, seven years after his judgment became final. Jones does not allege any extraordinary circumstance that prevented his filing during the seven-year period before the COVID-19 lockdown. Given the untimeliness of the § 2255 Motion and Jones's lack of diligence in pursuing his rights, equitable tolling is DENIED. The Court finds no reason to address the merits of Jones's claim.

## V. CONCLUSION

The motion is time-barred, and Jones is not entitled to equitable tolling. The § 2255 Motion is DENIED and DISMISSED. Judgment shall be entered for the United States.

## VI. APPELLATE ISSUES

Pursuant to 28 U.S.C. § 2253(c)(1), the district court is required to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b). No § 2255 movant may appeal without this certificate.

The COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. § 2253(c)(2), (3). A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citation and internal quotation marks omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). A COA does not require a showing that the appeal will succeed. *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814–15 (6th Cir. 2011). Courts should not issue a COA as a matter of course. *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005) (quoting *Miller-El*, 537 U.S. at 337).

In this case, the § 2255 Motion is time-barred. Jones cannot present a question of some substance about which reasonable jurists could differ. The Court therefore DENIES a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions. *Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must

obtain pauper status pursuant to Fed. R. App. P. 24(a). *Kincade*, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a) (4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith, and leave to appeal *in forma pauperis* is DENIED. If Defendant files a notice of appeal, he must also pay the full $505 appellate filing fee (*see* 28 U.S.C. §§ 1913, 1917) or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days (*see* Fed. R. App. P. 24(a) (4)-(5)).

SO ORDERED this 29th day of June, 2021.

                                                       /s/ Jon P. McCalla  
                                                      JON P. MCCALLA  
                                                      UNITED STATES DISTRICT JUDGE